UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI MCGUFFIN-PARIS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Civil Action No. 17-12480
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

### REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NO. 14, 22]

Plaintiff Teri McGuffin-Paris appeals a final decision of Defendant Commissioner of Social Security denying her application for disability insurance benefits (DIB) under the Social Security Act. The parties filed cross motions for summary judgment [ECF Nos. 14 and 22], which were referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the Court **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 22] be **GRANTED**;
- McGuffin-Paris's motion [ECF No. 14] be **DENIED**; and
- the Commissioner's decision be **AFFIRMED**, pursuant to sentence

four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. McGuffin-Paris's Background and Claimed Disabilities

Born October 19, 1975, McGuffin-Paris was 38 years old when she submitted her applications for disability benefits on July 16, 2014. [ECF No. 12-3, Tr. 117]. She has past relevant work as a production machine tender and home health aide. [ECF No. 11-2, Tr. 28]. McGuffin-Paris alleged that she is disabled by back injury, diabetes, and depression, with an onset date of December 25, 2010. [ECF No. 12-3, Tr. 117]. For DIB purposes, her date late insured was March 31, 2015. [ECF No. 12-3, Tr. 78].

After a hearing on June 29, 2016, during which McGuffin-Paris and a vocational expert (VE) testified, the ALJ found that McGuffin-Paris was not disabled. [ECF No. 12-2, Tr. 18-24, 35-77]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-6]. McGuffin-Paris timely filed for judicial review. [ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

DIB is available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically

2

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that McGuffin-Paris was not disabled. At step one, she found that McGuffin-Paris had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 12-2, Tr. 23]. At step two, she found that McGuffin-Paris had the severe impairments of "degenerative disk disease with herniated lumbar discs with lumbar facet syndrome, annular tear, possible pars defects; left knee medial meniscus tear status post arthroscopic surgery; left cubital tunnel syndrome with left ulnar neuropathy; right elbow lateral epicondylitis with possible ulnar neuritis and left elbow medial epicondylitis; right carpal tunnel syndrome; and right DeQuervain's syndrome." [*Id.*, Tr. 23]. The ALJ concluded at step three that none of McGuffin-Paris's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 25].

Between the third and fourth steps, the ALJ found that McGuffin-Paris had the RFC to perform sedentary work[2] with the exception of:

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required

4

> [being] limited to occasional climbing of stairs, crouching, crawling, kneeling, stooping[, and] bending. She must avoid workplace hazards such as dangerous, moving machinery and unprotected heights so she is not able to climb ladders[,] ropes[, and] scaffolding. She is limited to frequent grasping and frequent fingering with her upper extremities. She is limited to simple, routine, repetitive work and low stress work, which is work that is self-paced and not at a production rate, and which is not in team tandem with co-workers.

[*Id.*, Tr. 25]. At step four, the ALJ found that McGuffin-Paris could not perform any past relevant work. [*Id.*, Tr. 28]. With the assistance of VE testimony, the ALJ determined at step five that McGuffin-Paris could perform work as a tester, sorter, inspector, polisher, packaging/filling jobs, and surveillance monitor, and that those jobs existed in significant numbers in the economy, rendering a finding that she was not disabled. [*Id.*, Tr. 29-30].

## II.    ANALYSIS

This Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such

---

occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a) and 416.967(a).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

McGuffin-Paris argues that the ALJ failed to properly evaluate Listing 1.04A at step three of her decision. [ECF No. 14, PageID 676]. But substantial evidence, including the opinion a state agency consultant, supports the ALJ's finding that McGuffin-Paris did not meet the requirements of the listing. As such, the ALJ's decision should be affirmed.

### A.

Listing 1.04A requires evidence of a spinal disorder "resulting in compromise of a nerve root (including the cauda equina) or the spinal cord," as well as:

> (A) Evidence of nerve root compression that is characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

6

20 C.F.R. § Pt. 404, Subpt. P, App. 1.  McGuffin-Paris bears the of burden of proving that she satisfies *all* of the criteria of the listing.  *Miller v. Comm'r of Soc. Sec.*, 848 F. Supp. 2d 694, 708 (E.D. Mich. 2011)

In analyzing whether McGuffin-Paris's impairment met or equaled listing 1.04A, the ALJ concluded that "[w]hile there is a bulging disc, there is no evidence of nerve root compression, other than subjective complaints of leg pain. There is no evidence of arachnoiditis or stenosis affecting claimant's ability to ambulate." [ECF No. 12-2, Tr. 25].  The ALJ also noted that no treating or examining physician opined that McGuffin-Paris's limitations would satisfy the severity requirements of any listed impairment, including Listing 1.04A, and that state agency medical consultant, U. Gupta, M.D., concluded that McGuffin-Paris did not satisfy the requirements of the listing.  [*Id.*; ECF No.  12-3, Tr. 78-88].

State agency consultants like Dr. Gupta are considered "highly qualified . . . experts in the evaluation of the medical issues in disability claims under the Act."  Social Security Ruling 96-6p, 1996 WL 374180 at *2 (July 2, 1996).  And courts lack medical expertise, and should not substitute their judgments for that of medical professionals.  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 657 (6th Cir. 2009); *Harris v. Comm'r of Soc. Sec.*, No. 12-10387, 2013 WL 1192301, at *8 (E.D. Mich.

Mar. 22, 2013). Thus, in the absence of a contrary opinion from a treating physician, the Court is hard-pressed to find that the ALJ erred in relying on Dr. Gupta's opinion in reaching the step three determination. *Oliphant o.b.o. Q.O. v. Comm'r of Soc. Sec.,* No. 5:16 CV 1091, 2017 WL 4326087, at *7 (N.D. Ohio Sept. 27, 2017) (ALJ may rely on state agency consultant to make step three decision in the absence of a contrary opinion from a treating source).

The Court's reluctance to second-guess Dr. Gupta's opinion is not diminished by McGuffin-Paris's argument that her impairments meet or equal Listing 1.04A. There is no doubt that McGuffin-Paris suffers from limiting impairments, but she does not present evidence in support of all of the required criteria. She notes that a January 2011 MRI of her lumbar spine showed disc herniation producing impingement on the thecal sac at L3-4; two to three broad based disc herniations at L4-5; and a disc herniation at L5-S1 resulting in canal stenosis. [ECF No. 14, PageID 677; citing ECF No. 12-8, Tr. 295]. She cites an April 2014 MRI that revealed disc protrusion at L3-4, disc bulging at L4-5, and disc bulging abutting the bilateral S1 nerve roots. [ECF No. 14; citing ECF No. 12-10, Tr. 414]. McGuffin-Paris also states that physical exams from July 2011 through January 2013 evidenced a decreased range of motion in the lumbar spine,

and positive straight leg raise tests on the right. [ECF No. 14, PageID 677; citing ECF No. 12-7, Tr. 216-21, 228, 236, 265].

McGuffin-Paris cites records from Michigan Neurology Associates that documented diagnoses of lumbar degenerative spine, right lumbar radiculopathy, and left cubital tunnel syndrome. [ECF No. 14, PageID 677; citing ECF No. 12-9, Tr. 393, 395]. She also points to physical examinations which noted an abnormal range of motion and tenderness. [ECF No. 14-15, PageID 677; citing ECF No. 12-10, Tr. 407, 411-12, 424; ECF No. 12-11, Tr. 449, 457, 464, 469, 474-77]. And the ALJ acknowledged treatment notes showing that McGuffin-Paris had a decreased range of motion in her lumbar spine, [ECF No. 12-2, Tr. 27; ECF No. 12-7; Tr. 216, 219, 221, 229, 237, 265; ECF No. 12-10, Tr. 407, 411, 420, 424, 427; ECF No. 12-11. Tr. 449, 457, 464, 469], and decreased sensation to light touch at the L4 and L5 on the right, [ECF No. 12-9, Tr. 395; ECF No. 12-10, Tr. 407, 412, 421, 425, 428; ECF No. 12-11, 449, 457, 464, 469].

But the Court agrees with the Commissioner that while these findings are consistent with *some* of the criteria of Listing 1.04A, McGuffin-Paris has failed to carry her burden of showing that *all* required criteria of the listing are present. Although she cites evidence of positive straight leg raise on

9

the right side, there is no evidence that this testing was done both sitting and supine.  [ECF No. 12-7, Tr. 217, 219, 221, 237, 265].  "Lack of evidence that the straight-leg test was positive in both the sitting and supine position is itself sufficient to preclude a claimant from meeting Listing 1.04A."  *Palaghe v. Comm'r of Soc. Sec.*, No. 15-11920, 2016 WL 1714733, at *14 (E.D. Mich. Apr. 28, 2016).  In addition, aside from one note in September 2013 indicating mildly diminished strength in the lower extremities, [ECF No. 12-10, Tr. 430], all of the records demonstrate that McGuffin-Paris's muscle strength and motor function remained intact and showed no atrophy.  [ECF No. 12-7, Tr. 217, 219, 221, 229, 237, 266; ECF No. 12-10, 407, 412, 425, 428, 430; ECF 12-11, Tr. 449, 457, 464, 469].

McGuffin-Paris has thus failed to demonstrate that her impairments meet or equal Listing 1.04A, so the ALJ's decision should be affirmed.

### III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 22] be **GRANTED**; that McGuffin-Paris's motion [ECF No. 14] be **DENIED**; and that the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: April 27, 2018

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

10

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

11

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 27, 2018.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager